UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOVAN STRONG,

        Plaintiff,

    v.

BLOOMFIELD, et al.,

        Defendants.

No.  1:25-cv-01038-EPG (PC)

ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER

(ECF No. 7)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY-DAY DAYS

Plaintiff Jovan Strong is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6). He alleges that several claims related to his allegation that the water supply at Corcoran State Prison was contaminated.  (ECF No. 1).

On February 12, 206 the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 7 at 10). The Court gave Plaintiff thirty days to file an amended complaint or notify the Court that he wanted to stand on his complaint. (*Id.*). Additionally, the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*)

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or

1

otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.        SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

2

**II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff filed his complaint on August 18, 2025. (ECF No. 1). He alleges that the underlying events occurred at Corcoran State Prison ("CSP" or "Corcoran"), and he sues California Department of Corrections and Rehabilitation Director, Richard Broomfield and the following Corcoran prison officials: (1) Warden Tammy Campbell; (2) Correctional Officer Moreno; (3) Correctional Officer Fugate; (4) Correctional Officer Cota; (5) Reviewing Authority B. McKinney; and DOE defendants 1-10.  (*Id.* at pp. 2, 5-7). Plaintiff also names Defendant Bick in the facts of the complaint. (*Id.* at 11).

Plaintiff states that on September 20, 2022, he was housed at CSP-Corcoran State Prison ("CSP" or "Corcoran"). (*Id.* at 8). Plaintiff alleges that between September 21, 2022, to March 24, 2024, "the Plaintiff had experienced contaminated water" and complained to Does 1 and 2 about such contamination. (*Id.*). Plaintiff alleges that he "and other incarcerated person[s] had reason to believe Defendant Campbell had contaminated water supply that caused prisoners at CSP-Corcoran State Prison to become ill." (*Id.*).

Plaintiff alleges he began to get sick from the contaminated water and submitted an Inmate Healthcare Request to Doe 3 and a request to Doe 4. Plaintiff alleges his request to Doe 4 was denied, delayed and ignored. (*Id.* at 8). Plaintiff further claims that from September 2022 to March 2024, he submitted Inmate/Parolee 602 grievances regarding the contaminated water, but Defendants Doe 5 and 6 confiscated these grievances. (*Id.* at 9). Plaintiff alleges because of complaints, he was transferred from Corcoran to California State Prison, Los Angeles County by Defendant Campbell and Defendant Doe 7 on March 24, 2024. *(Id.*). Plaintiff alleges his issues were not addressed by Defendant Campbell following his transfer. (*Id.*).

Plaintiff claims he filed an Inmate/Parolee 602 to the CSP-Los Angeles County Appeals County indicating that Defendants Campell and Does 1 through 7 "covered up" the issue of contaminated drinking water. (*Id.*). On July 9, 2024, Plaintiff claims Defendant Campbell, Defendant McKinney, and Defendant Doe 8 responded to his grievance after a year and half. (*Id.* at 10).  Furthermore, Plaintiff alleges that Inmate/Parole 602s filed between September 20, 2021, and July 9, 2024 concerning his living conditions and health at Corcoran went unanswered by Defendants Campbell, McKinney and Does 6 and 7 until after he was transferred to CSP-Los

Angeles. (*Id.*).

Plaintiff alleges that while at Corcoran, Defendant Doe, a "yard doctor" did not treat Plaintiff for G.I. problems, a skin rash, and respiratory issue allegedly caused by comminated water. (*Id.* at 11). Plaintiff alleges that Defendant Doe 9 is responsible for arranging medical care at Corcoran and that he has filed numerous "sick call requests" and grievances requesting his medical records. (*Id.* at 12). Plaintiff claims that after two years, he has not received medical treatment for the contaminated water at Corcoran, and the lack of care was directed by Defendant 9. (*Id.*).

Next, Plaintiff alleges that Defendant Broomfield and Defendant Bick, MD had a policy or practice of

> acting with deliberate indifference to Plaintiff's due process rights by failing to have an adequate administration system or policy, and/or failing to train its personnel regarding Plaintiff's living conditions and/or ensuring that incarcerated persons have a procedure were reliable to address living conditions.

(*Id.*). Plaintiff further claims this allegation is supported because CDCR and CCHCS grievance offices were able to "circumvent the grievance process with respect to living conditions and medical care appeals." (*Id.* at 13).

Plaintiff also alleges that "several rimes between January 1, 2024, and March 2024, the Plaintiff's cell toilet flooded, covering the floor and personal effects with sewer water." (ECF No. 1, at p. 13). Plaintiff alleges that Defendants Moreno, Fugate, and Cota refused to make a work order for the plumbing problem, transfer Plaintiff to a different cell, or provide him with new linen. (*Id.* at 13).

Additionally, Plaintiff alleges that between 2022 and 2024 there were periods of time when hot water was inaccessible in showers and sinks. (*Id.)*.

III.   **ANALYSIS OF PLAINTIFF'S COMPLAINT**

A.   **Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

4

provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Conditions of confinement may, consistent with the Constitution, be "restrictive and even harsh." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions-of-confinement claims "is one of deliberate indifference." *Id.* (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "The circumstances, nature, and duration" of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 834-35; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's complaint fails to allege sufficient facts to state a cognizable claim for unconstitutional conditions of confinement under the Eighth Amendment.

Plaintiff's complaint states that "Plaintiff and other incarcerated person[s] had reason to believe that Defendant Campbell had contaminated water supply that caused prisoners at CSP-Corcoran to become ill." (ECF No. 1, at p. 8). However, Plaintiff fails to allege any facts supporting this claim. Plaintiff does not allege who told him that the water was contaminated or any reason that person provided for believing that the water was contaminated. He does not allege anything Defendant Campbell said or did that showed that Defendant Campbell had contaminated the water. He does not allege what role Defendant Campbell had in ensuring that

the water was safe for consumption.  He does not allege that he personally observed anything in the water indicating that it was contaminated.

He also does not allege any facts regarding in what way he believes the water was contaminated.  For example, he does not allege what he believes was put in in the water.  He does not allege any facts indicating that the water was unsafe for consumption.

Similarly, although Plaintiff alleges that "contaminated water . . . made him sick and could cause future health problems," he does not allege any facts supporting this claim.  For example, he does not allege that any medical professional informed him that something in the water was making him sick.

Plaintiff's other complaints about his conditions of confinement also fail to state a cognizable claim.  Plaintiff alleges that "several times between January 1, 2024 and March 24, 2024 the Plaintiff's cell toilet flooded, covering the floor and personal effects with sewer water," and that "[f]or 2 years between 2022 and 2024, there were several periods of time when hot water was inaccessible in both the showers and the sinks in cells, including consecutive days, weeks, and months between January 1, 2024 and March 24, 2024."  (ECF No. 1, at p. 13).  However, Plaintiff does not allege specific facts about these conditions, including when they occurred or how they harmed Plaintiff or posed an excessive risk to his health or safety.  Without this information, the Court cannot determine whether the circumstances, nature, and duration of the conditions are grave enough to form the basis of an Eighth Amendment claim for cruel and unusual punishment.

Moreover, Plaintiff does not allege facts regarding the defendants allegedly responsible for these conditions to determine that would show they acted with deliberate indifference.  Plaintiff alleges that defendants Moreno, Fugate, and Cota refused to make a work order, but does not allege what role those defendants had in fixing the conditions he alleges, nor what those defendants knew about those conditions.

Thus, Plaintiff's complaint fails to state a cognizable claim for unconstitutional conditions of confinement.

### C.      Deliberate Indifference to Serious Medical Need

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by *WMX Technologies v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett,* 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's complaint states that "[w]hile the Plaintiff was at CSP-Cororan State Prison, Defendant Doe ___ the yard doctor did not treat Plaintiff for his G.I. problems, skin rash, and

respiratory issue from contaminated water." (ECF No. 1, at p. 11).  In support of this statement, Plaintiff references Exhibit B to his complaint, which is his own grievance complaining that he "submitted inmate 602 complaining of water contamination that caused me to get very sick, including gastrointestinal issues, skin issues, and respiratory issues."  (ECF No. 1, at p. 29). However, Plaintiff does not allege any facts indicating that any person acted with deliberate indifference in failing to treat a serious medical need.  Plaintiff does not allege any facts regarding any consultation with a medical professional, such as when he saw a medical professional, what symptoms he had at the time, or what that medical professional did or failed to do in response to his request for medical attention.

Elsewhere in his complaint, Plaintiff alleges that "Plaintiff has submitted repeated sick call requests and has filed grievance requesting his medical records, to no avail," and that "Defendant Doe 9 is responsible for arranging for medical care at CSP-Corcoran State Prison." (ECF No. 1, at p. 12).  However, these allegations too do not state a claim for deliberate indifference to serious medical needs.  Plaintiff does not allege any specific facts such as what he said in his sick call requests, what medical treatment Plaintiff requested, what if anything was done in response to Plaintiff's requests for medical care, and whether Plaintiff ever consulted with doctor or other medical professional about his medical issues.

For these reasons, Plaintiff's complaint fails to assert a claim for deliberate indifference to a serious medical need.

### D.    Lack of Due Process

Plaintiff also asserts a claim for violation of Due Process under the Fourteenth Amendment based on lacing and "adequate grievance system for 2 years."  (ECF No. 1, at p. 15).

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving individuals of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983). With respect to liberty interests

arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The Ninth Circuit has held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard."); *see also Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Accordingly, Plaintiff's allegations that Cororan failed to properly process his grievances do not state a constitutional claim for violation of the Due Process clause.

## IV.   FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will also recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.)* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with

10

docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.*) (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.*)

After weighing the factors, the Court finds that dismissal is appropriate.

## V.    CONCLUSION AND ORDER

Accordingly, the Clerk of Court is respectively directed to assign a district judge to this action.

Additionally, IT IS RECOMMENDED as follows:

1.    This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)

days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 31, 2026**                   /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

12